# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILADELPHIA METAL TRADES COUNCIL,** | : : : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : : | **NO. 15-5621** |
| **KONNERUD CONSULTING WEST, A.S., and R+S STOLZE GMBH,** | : : : | |
| **Defendants.** | : | |

## MEMORANDUM

**Tucker, C.J.**                                                                **March 21, 2016**

Presently before the Court is Defendant Konnerud Consulting West, A.S.'s ("Konnerud's") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 12), Plaintiff Philadelphia Metal Trades Council's ("Plaintiff's") Response in Opposition and Request for Remand (Doc. 16), and Defendant Konnerud's Reply to Plaintiff's Response in Opposition (Doc. 17). Upon careful consideration of the parties' briefs, exhibits, and all other papers herein, and for the reasons set forth below, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART, and Plaintiff's request for remand is DENIED.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an unincorporated association consisting of a number of local union chapters. Compl. ¶ 2, Doc. 1. Plaintiff had a collective bargaining agreement (the "CBA") with Aker Philadelphia Shipyard Inc. ("APSI"), a non-party. *Id.* ¶ 10. Defendants Konnerud and Stolze (collectively "Defendants"), are subcontractors of APSI and conduct business and employ workers at the Aker Philadelphia Shipyard in Philadelphia. *Id.* ¶¶ 3–4. Defendant Konnerud is a Norwegian corporation with headquarters in Flora, Norway. *Id.* ¶ 3. Defendant R+S Stolze

GmbH ("Stolze"), is a German corporation with headquarters in Lubeck, Germany.  *Id.* ¶ 4.  Under Article 31, Section 7 of the CBA, subcontractors are "required to provide a certified payroll of their employees in APSI's yard to APSI every two months."  *Id.* ¶¶ 12–13.  According to Plaintiff, Defendants' certified payrolls indicate that Defendants paid workers less than one and one half times their regular hourly wage for hours worked in excess of forty.  *Id.*  ¶¶ 20, 26.

On September 9, 2015, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County on behalf of all members of Local 98 of the International Brotherhood of Electrical Workers and Local 19 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, who work or have worked for the Defendants on an hourly basis at Aker Philadelphia Shipyard since September 3, 2012 (the "Employees").  *Id.* ¶ 5.  Plaintiff alleges that the Employees worked over forty hours a week and that Defendants failed to pay them overtime wages in violation of the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL").  *Id.* ¶¶ 19–20.  On October 14, 2015, Defendant Stoltze removed this action from state court pursuant to 28 U.S.C. § 1332(a).  Doc. 1.  On November 13, 2015, Defendant Konnerud filed a Motion to Dismiss for lack of standing and failure to state a claim.  Doc. 12.  Plaintiff submitted a response in opposition and Konnerud replied.  Docs. 16, 23.  This matter is now ripe for review.

**II.  LEGAL STANDARD**

### A.  *Motion to Dismiss Under Rule 12(b)(1)*

Because standing is a jurisdictional issue, a party may bring a motion to dismiss for want of standing under Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing.  *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 561 (1992); *Ballentine*, 486 F.3d at 810.  On a motion under Rule

12(b)(1), a district court must first determine whether the motion presents a "facial" or "factual"

attack on the claim at issue.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir.

2014).  A facial attack "contests the sufficiency of the pleadings."  *In re Schering Plough Corp.*

*Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  In reviewing a facial

attack, courts must accept all material allegations set forth in the complaint as true and construe

those allegations in favor of the nonmoving party.  *Constitution Party of Pa.*, 757 F.3d at 358.  A

factual attack, however, contests whether a plaintiff's claims factually comport with

jurisdictional prerequisites.  *Id.*  When analyzing a factual attack, courts may look beyond the

pleadings to ascertain the facts.  *Id.*

### B.  *Motion to Dismiss Under Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

"failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When

deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may look only to the facts

alleged in the complaint and its attachments.  *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802,

807 (E.D. Pa. 2015) (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261

(3d Cir. 1994)).  The court must "accept all factual allegations as true, construe the complaint in

the light most favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cnty. of Allegheny*, 515 F.3d

224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.

2002)).

The plaintiff's complaint, however, "must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). The focus of the court's inquiry into the sufficiency of a plaintiff's complaint is always plausibility of relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). A complaint is plausible when its factual allegations allow the court to draw a reasonable inference that the defendant is liable for the alleged harm. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). A complaint should "not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 563 n.8).

## III. DISCUSSION

Konnerud raises the following grounds upon which to dismiss Plaintiff's Complaint: (1) Plaintiff does not have standing to sue under the CBA or to assert its state law claims; (2) Plaintiff's claims are barred by its failure to exhaust administrative remedies under the CBA; (3) Plaintiff's WPCL claim is legally insufficient; (4) Plaintiff's PMWA claim is factually inadequate; and (5) Plaintiff's PMWA claim is preempted by the Fair Labor Standards Act ("FLSA"). The Court will first address Plaintiff's request for remand, then consider each of Konnerud's arguments in turn.

### A. *Plaintiff's Request for Remand*

A defendant may remove a civil action brought in state court to federal district court if the federal court would have had original jurisdiction over the claim. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions between "citizens of a State and citizens or subjects of a foreign state," and where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'"

4

*Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt.*, Inc., 316 F.3d 408, 410 (3d Cir. 2003)). To determine whether the amount in controversy is met, the Third Circuit utilizes the legal certainty standard. *Morgan v. Gay*, 471 F.3d 469, 474–75 (3d Cir. 2006); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). To satisfy this standard, it must be evident to a legal certainty that the amount in controversy exceeds the statutory minimum required for diversity jurisdiction. *Samuel-Bassett*, 357 F.3d at 398. The burden of establishing federal jurisdiction rests with the removing party. *Johnson*, 724 F.3d at 346. Cases removed to federal court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over the claim. 28 U.S.C. § 1447(c).

In the instant case, Defendants have established federal jurisdiction based on diversity of citizenship. In its request for remand, Plaintiff has not challenged either the citizenship of the parties or the amount in controversy. The records from the United States Department of Labor, cited by Defendant Stolze in its Notice of Removal, show that Plaintiff and its local chapters are all citizens of Pennsylvania. Notice of Removal ¶ 8, Doc. 1. Plaintiff alleges that Defendant Konnerud is a Norwegian corporation with headquarters in Norway and Defendant Stolze is a German corporation with headquarters in Germany. Compl. ¶¶ 3–4. Additionally, based on Plaintiff's allegations, the Court cannot say that it is evident to a legal certainty that Plaintiff cannot recover an amount greater than the amount in controversy. Accordingly, the Court finds that federal jurisdiction is proper under 28 U.S.C. § 1332(a)(2).[1]

---

[1] Plaintiff contends that federal jurisdiction is improper because its claims rest upon state law. Federal courts exercising diversity jurisdiction, however, have a duty to decide questions of state law whenever necessary to the rendition of a judgment. *See Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943); *United States v. D'Amato*, 436 F.2d 52, 54 (3d Cir. 1970).

**B.      Plaintiff's Standing to Assert Its Claims**

Konnerud argues that Plaintiff, an organization, lacks representational standing to bring suit on behalf of the Employees.  Because Konnerud contests the sufficiency of Plaintiff's complaint, the Court analyzes the motion as a facial attack and accepts all material allegations set forth in Plaintiff's complaint as true.

When an association sues on behalf of its members, as is the case here, it must establish: (1) that its members would otherwise have standing to sue in their own right; (2) that the interests it seeks to protect are germane to the organization's purpose; and (3) that neither the claim asserted nor the relief requested requires the participation of individual members.  *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 279 (3d Cir. 2014).

To establish the first prong, a plaintiff organization must "make specific allegations establishing that at least one identified member had suffered or would suffer harm."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009).  Here, Plaintiff has satisfied this prong by alleging that Defendant failed to compensate the Employees for overtime wages as required by the PMWA and WPCL.  Compl. ¶¶ 19–20.  In support of its allegations, Plaintiff attached a copy of Konnerud's payroll records to the Complaint, which indicates that the Employees were compensated less than the overtime hourly rate required under the PMWA.  *Id.* Ex. B.  The Court finds that Plaintiff has made specific allegations establishing that at least one member suffered a harm and has therefore established the first prong of representational standing.

To establish the second prong, a plaintiff must show that the interests it seeks to protect are germane to its organizational purpose.  The Supreme Court has acknowledged that "the primary reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others."  *Int'l Union, United Auto., Aerospace & Agric. Implement*

*Workers of Am. v. Brock*, 477 U.S. 274, 290 (1986).  Here, Plaintiff alleges that it is an "unincorporated association consisting of local chapters of a number of unions," including unions whose members worked for Konnerud.  Compl. ¶ 2.  Plaintiff "brings this action on behalf of all [union] members . . . who work or have worked on an hourly-compensated basis for either Defendant Konnerud or Defendant Stolze[.]"  Compl. ¶ 5.  Plaintiff's allegations plausibly state that the Employees are members of Plaintiff's association and that the interests Plaintiff seeks to protect are related to its purpose of recovering unpaid overtime wages on their behalf.  Accordingly, the Court finds that Plaintiff has established the second prong.

Finally, to establish the third prong, courts often consider whether the plaintiff is seeking monetary or injunctive relief in determining whether individual participation is required.  Generally, claims seeking monetary relief require individual participation and, therefore, cannot be asserted by an association on behalf of its members.  *See Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 284 (3d Cir. 2002).  However, the third prong is considered a "prudential" restraint and "not a constitutional mandate."  *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555–56 (1996).  In *United Food*, the Supreme Court permitted a union to assert claims on behalf of its members, holding that the third prong merely focuses on "matters of administrative convenience and efficiency" and is only intended to ensure that there are sufficient reasons to depart from the "background presumption . . . that litigants may not assert the rights of absent third parties."  *Id*. at 557.  Similarly, in *Pennsylvania Psychiatric Society*, the Third Circuit questioned whether the plaintiff could establish its claims with limited individual participation, but concluded that, because the plaintiff's primary contention was with the defendant's method of providing healthcare and not with the amount of damages, the plaintiff "should be allowed to move forward

with its claims within the boundaries of associational standing."  280 F.3d at 287.  Here, although Plaintiff seeks monetary relief, its claims rest on the Defendants' calculation of an overtime wage rate, not on the amount of damages itself.  To the extent that Plaintiff challenges how Defendants determined overtime rates, individual inquiries are not required.  Accordingly, the Court finds that Plaintiff has satisfied the elements of standing at this stage of the litigation.

### C.  *Plaintiff's Failure to Exhaust Administrative Remedies Under the CBA*

Defendant Konnerud argues that Plaintiff's claims should be dismissed because it has failed to exhaust the administrative remedies required under the CBA.  The Third Circuit has recognized that "[u]nder federal labor law, aggrieved employees must exhaust their CBA's grievance and arbitration procedures before filing a complaint in federal court 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'"  *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1537 (3d Cir. 1992) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)).  In cases involving unpaid overtime wages, courts have permitted plaintiffs to proceed with their statutory claims without first exhausting their CBA's arbitration procedures, provided that their claims relied solely on statutory rights and not contractual rights under the CBA.  *Bell v. Se. Pa. Transp. Auth.*, 733 F.3d 490, 496 (3d Cir. 2013); *see also Rolon v. Lackawanna Cnty.*, 1 F. Supp. 3d 300, 305 (M.D. Pa. 2014) (denying motion to dismiss because plaintiff's overtime claim under the FLSA did not depend on a disputed CBA provision); *Moeck v. Gray Supply Corp.*, No. 03–1950, 2006 WL 42368, at *3 (D. N.J. Jan. 6, 2006) (denying motion to dismiss where "[p]laintiffs' claims are not based on an interpretation of the collective bargaining agreement with respect to the appropriate wage rate, but are based on their contention that they are entitled to overtime" under the FLSA).  In *Bell*, a number of bus drivers and trolley

operators brought claims under the FLSA to recover unpaid overtime wages for work performed prior to their daily runs. 733 F.3d at 491–93. The Third Circuit vacated the district court's order for dismissal for failure to exhaust, concluding that "resolution of the FLSA claim requires a factual determination of the amount of time Operators are required to work prior to their scheduled start, and a legal determination regarding whether this time is (1) compensable and (2) subject to the overtime provisions of the FLSA." *Id.* at 495.

In this case, Plaintiff has brought a statutory claim under the PMWA. Pennsylvania courts have widely recognized that the PMWA "substantially parallels" the FLSA. *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 613 (E.D. Pa. 2015); *see also Moser v. Papadopoulos*, No. CIV. 10–6791, 2011 WL 2441304, at *4 (E.D. Pa. June 16, 2011) ("The two statutes are substantially the same; both require that overtime (hours over forty worked in a week) be compensated at one and one-half times the regular rate at which the employee is paid."); *Masterson v. Fed. Exp. Corp.*, No. 07-CV-2241, 2008 WL 5189342, at *3 (M.D. Pa. Dec. 10, 2008) ("The FLSA and the PMWA . . . pursue the common objective of protecting hourly employees from substandard and unfair wages[.]"). Indeed, the PMWA explicitly allows employees to bring civil actions to enforce their right to statutory minimum wages. 43 Pa. Cons. Stat. § 333.113. Like the claims in *Bell*, *Rolon*, and *Moeck*, the resolution of Plaintiff's claims requires a factual determination of the amount of overtime the Employees worked and a legal determination whether such time is compensable under the PMWA. The Court finds that, because Plaintiff's claims depend solely on statutory rights and not on an interpretation of the CBA, Plaintiff may proceed with its claims without first seeking arbitration.

### D.  Collective Actions Under the PMWA

Defendant Konnerud argues that collective actions are not permitted under the PMWA and therefore Plaintiff's claim must be dismissed.[2]  Though not entirely clear, Konnerud appears to argue that a labor union may not bring suit under the PMWA and that the only vehicle by which its employees may bring a "collective" action is a class action under Federal Rule of Civil Procedure 23.  In support of its argument, Konnerud cites two cases where the plaintiffs asserted PMWA claims as putative Rule 23 class actions.  *See Parker v. NutriSystem, Inc.,* 620 F.3d 274 (3d Cir. 2010); *Young v. Tri Cnty. Sec. Agency, Inc.*, Civ. Action No. 13-5971, 2014 WL 1806881 (E.D. Pa. May 7, 2014).  Neither of these cases, however, stand for the proposition that a PMWA collective action must be brought as a Rule 23 class action or that a labor union is barred from bringing suit based on organizational standing.  *See also Int'l Union*, 477 U.S. at 289 (explaining the advantages of suits by associations on behalf of their members compared to class actions).  Accordingly, the Court will not go so far as to dismiss Plaintiff's claims on this ground.

### E.  Legal Sufficiency of Plaintiff's WPCL Claim

Defendant Konnerud argues that Plaintiff's claim under the WPCL is legally insufficient because Plaintiff has not alleged a contractual basis for its claim.  The Pennsylvania Supreme Court has allowed recovery under the WPCL only where there is a contractual obligation between the parties.  *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997).  The Third Circuit has also recognized that "the WPCL 'does not create a right to compensation . . . . [r]ather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned.'"  *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (quoting

---

[2] Defendant Konnerud also argues that Plaintiff's WPCL claim should be dismissed because Plaintiff has failed to show that it has standing to assert claims on behalf of Konnerud's employees. Because the Court has already determined that Plaintiff has established standing, it will not address this argument.

*Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir. 1996)).  "[A]bsent a formal employment contract

or collective bargaining agreement, an employee raising a WPCL claim would have to establish,

at a minimum, an implied oral contract between the employee and employer."  *Braun v. Wal-*

*Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super Ct. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014); *see*

*also Drummond v. Herr Foods Inc.*, Civ. Action No. 13-5991, 2014 WL 80729, at *3 (E.D. Pa.

Jan. 9, 2014) (rejecting as out of date case law holding that a plaintiff can establish a WPCL

claim for wages on the basis of a statutory obligation).

      In the instant case, the Court finds that Plaintiff has failed to adequately plead the

existence of a contractual obligation as required to state a claim under the WPCL.  Plaintiff

alleges that "[i]n violation of the [WPCL], Defendants unlawfully failed to pay the Employees

the overtime wages due under the PMLA [sic]." Compl. ¶ 38.  Plaintiff does not plead that the

CBA or another contractual obligation exists between the parties to establish a right to overtime

compensation.  Plaintiff's claim rests entirely on wages owed under the PMWA, not on a

contractual obligation, which defeats a WPCL claim.  *See Drummond*, 2014 WL 80726, at *3.

Accordingly, the Court finds that Plaintiff has failed to state a WPCL claim upon which relief

may be granted.

### F.  *Factual Sufficiency of Plaintiff's PMWA Claim*

      Konnerud argues that Plaintiff's PMWA claim is factually insufficient because Plaintiff

has failed to allege that any of Konnerud's employees actually worked more than forty hours per

week and were not compensated for overtime work during those weeks.  The Third Circuit has

not considered the level of detail necessary to plead a PMWA claim, but it has considered the

level of detail necessary to plead similar overtime claims under the FLSA.  *Davis v. Abington*

*Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014).  Because the PMWA "substantially parallels"

11

the FLSA, this Court should look to the federal courts' interpretation of the FLSA when analyzing claims under the PMWA.  *See Ford-Greene*, 106 F. Supp. 3d at 610–13 (applying the Third Circuit's analysis in *Davis* to the plaintiff's claims under both the FLSA and PMWA).  In *Davis,* the Third Circuit analyzed the factual sufficiency of an overtime claim under the FLSA and noted that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice."  765 F. 3d at 243 (emphasis omitted).  The plaintiff need not identify the exact dates and times that he or she worked.  *Id.*

In light of the Third Circuit's holding in *Davis*, the Court finds Plaintiff's claim under the PMWA is factually sufficient.  Like in *Davis*, Plaintiff alleged that "[e]mployees of Defendant Konnerud routinely work or have worked more than forty hours during the weeks employed by Konnerud . . . [and] when [e]mployees worked for Konnerud for more than 40 hours in any given week, Konnerud paid those Employees less than 1.5 times their hourly wage for the hours worked in excess of 40."  Compl. ¶¶ 19–20.  Plaintiff's allegations, if true, show that Defendant Konnerud's employees typically worked in excess of forty hours a week and were not properly compensated for those extra hours.  Plaintiff also attached a payroll audit to the Complaint, which supports its allegations that Konnerud employees were paid less than the overtime rate required by the PMWA.  Compl. Ex. B.  Plaintiff is not required to plead the exact dates and times of its unpaid overtime.  Accordingly, the Court finds that Plaintiff's allegations give rise to a plausible claim for relief under the PMWA.

### G.  Preemption of Plaintiff's Claims by the FLSA

Lastly, Konnerud argues that the FLSA impliedly preempts Plaintiff's representative action under the PMWA.  In 1947, Congress amended the FLSA to provide that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b); *see Knepper v. Rite Aid Corp.*, 675 F.3d 249, 255 (3d Cir. 2012) (explaining the legislative history of the FLSA amendment).  Courts have concluded that the plain language of this provision bars "opt-out" class actions under the FLSA and requires class members to affirmatively "opt-in."  *See Lusardi v. Lechner*, 855 F.2d 1062, 1068 n.8 (3d Cir. 1988).  In class actions based on state employment laws like the PMWA, however, class members must "opt-out" of the class.  *Ramsey v. Ryan Beck & Co., Inc.*, Civ. Action No. 07-635, 2007 WL 2234567, at *2 (E.D. Pa. Aug. 1, 2007).  District courts, including this district, have found that the contrast between opt-in and opt-out procedures render a dual-filed FLSA and state law class action "inherently incompatible."  *See*, *e.g.*, *Ellis v. Edward D. Jones & Co.*, 527 F. Supp. 2d 439, 451 (W.D. Pa. 2007); *Ramsey*, 2007 WL 2234567, at *4; *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006).  However, the circuit courts that have addressed this issue, including the Third Circuit, have all concluded that state law claims paralleling the FLSA are not inherently incompatible with the FLSA's opt-in procedure.  *See*, *e.g.*, *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528–30 (9th Cir. 2013), *rev'd on other grounds*, 135 S. Ct. 513 (2014); *Knepper*, 675 F.3d at 261–62; *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 976–79 (7th Cir. 2011); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 247–49 (2d Cir. 2011); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006).

In *Knepper*, the Third Circuit found no evidence that Congress intended the FLSA to preempt the Maryland Wage and Hour Law ("MWHL") or the Ohio Minimum Fair Wage Standards Act ("OMFWSA").  675 F.3d at 264.  Both of those laws, like the PMWA, establish wage protections virtually identical to the FLSA.  The court concluded that preemption would be improper because the plain language of the FLSA "evinces a clear intent to preserve rather than supplant state law."  *Id.* at 262.  The court also rejected the defendant's argument that the state laws at issue "constitute an 'obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' and are impliedly preempted under the principles of conflict preemption."  *Id.* (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)).  In rejecting the defendant's argument, the *Knepper* court recognized that "a finding of preemption here would bar enforcement of all state wage and hour laws that did not exceed the standards of the FLSA, a significant intrusion on state authority and a reversal of the traditional presumption against preemption . . . ."  *Id.* at 262.

In the instant case, the Court finds that Plaintiff's PMWA claim is not preempted by the FLSA.  First, from the face of the Complaint, Plaintiff does not explicitly bring an opt-out class action, which Konnerud argues would conflict with the FLSA.  Second, even if Plaintiff brought an opt-out PMWA class action as characterized by Konnerud, its claim would not be preempted by the FLSA.  Like the minimum wage laws in Maryland and Ohio, the PMWA substantially parallels the standards and definitions of the FLSA.  Just as the FLSA does not impliedly preempt the MWHL or the OMFWSA, this Court concludes that the FLSA does not impliedly preempt the PMWA.  *See Knepper*, 675 F.3d at 263.  To the extent that Plaintiff's allegations can be interpreted as a class action, there is no evidence that Congress intended for the FLSA to

preempt opt-out class actions based on state employment laws.  *See id.* at 264.  Accordingly, the Court declines to dismiss Plaintiff's PMWA claim on this ground.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Request for Remand is DENIED.  Defendant Konnerud's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.  An appropriate order follows.